```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|                          |   |                              |
|--------------------------|---|------------------------------|
| EDUARDO REYES-SOTERO     | : |                              |
|                          | : |                              |
| v.                       | : | Civil Action No. DKC 12-1036 |
|                          |   | Criminal No. DKC 08-0593     |
|                          | : |                              |
| UNITED STATES OF AMERICA | : |                              |

**MEMORANDUM OPINION**

By a judgment entered October 23, 2009, Petitioner Eduardo Reyes-Sotero was convicted, upon his guilty plea, of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and sentenced to a term of imprisonment of 120 months. Petitioner did not appeal his conviction. On or about March 28, 2012, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 96). Pending before the court is the government's motion to dismiss the petition as timely (ECF No. 96) and Petitioner's opposition thereto (ECF No. 98).

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a one-year statute of limitations running from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In moving to vacate his sentence, Petitioner alleges that his trial counsel rendered ineffective assistance by failing to "challeng[e] the fruits of the illegal searches[] that [were] the result of the tracking device that was illegally placed on . . . [his] vehicle[,] which produced the affidavits for the wiretaps of [his] phones, and the searches of . . . [his] vehicle and residence."  (ECF No. 96, at 6).  He relies principally on *United States v. Jones*, --- U.S. ----, 132 S.Ct. 945 (2012), a case decided by the Supreme Court of the United States on January 23, 2012, in which the court found that "the Fourth Amendment was violated when law enforcement officers, without a valid warrant, installed a GPS tracking device on the undercarriage of the defendant's Jeep while it was parked in a

public parking lot." *United States v. Davis*, 690 F.3d 226, 241 n. 23 (4th Cir. 2012).

The government appears to concede that *Jones* announced a new rule, but contends that Petitioner cannot avail himself of the limitations trigger of § 2255(f)(3) because the rule of *Jones* is not "retroactively applicable to cases on collateral review." According to the government, Petitioner's judgment of conviction became final, and the one-year statute of limitations for his motion commenced, on or about November 2, 2009.[1] Thus, his motion, filed on March 28, 2012, was untimely by over sixteen months.

Petitioner does not dispute that his motion would be untimely under § 2255(f)(1); rather, he challenges the government's argument that the ruling in *Jones* cannot be applied retroactively.

In *Teague v. Lane*, 489 U.S. 288, 310 (1989), the Supreme Court held that, generally, "new constitutional rules of criminal procedure will not be applicable to those cases which

---

[1] Where, as here, an appeal is not taken, a judgment becomes final when the time for filing a notice of appeal expires. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001); *Jackson v. United States*, Civ. No. WDQ-09-2721, Crim. No. WDQ-02-0305, 2012 WL 1066474, at *1 (D.Md. Mar. 27, 2012). At the time of Petitioner's conviction, Rule 4 of the Federal Rules of Appellate Procedure provided ten days for the filing of a notice of appeal. Thus, under § 2255(f)(1), the statute of limitations commenced ten days after October 23, 2009, the date Petitioner's judgment of conviction was entered in this court.

have become final before the new rules are announced." It set forth exceptions to this general rule, however, in two circumstances: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Id*. at 311 (internal marks omitted). "[B]edrock procedural elements," the Court explained, are those elements that are "central to an accurate determination of innocence or guilt." *Id*. at 313.

To date, it appears that only two federal district courts have considered whether the rule of *Jones* applies retroactively. Both have reached the same result:

> [A] [p]etitioner is not entitled to retroactive application unless the *Jones* rule falls within one of the two exceptions enumerated in *Teague*. The first exception – that a new rule should be applied retroactively if it places primary, private conduct outside the scope of criminal regulation – is not relevant here. The *Jones* rule – requiring police to have a warrant prior to attaching a GPS unit to a suspect's vehicle – does not render any primary, private conduct outside the scope of the police power. The second exception – that a new rule should be applied retroactively if it alters a "bedrock procedural element that must be found to vitiate the fairness of a particular conviction" – is also inapplicable to the *Jones* rule. Simply put, the warrant

4

>> requirement for police GPS tracking is not "central to an accurate determination of innocence or guilt." *Id*. at 313.

*Garcia v. Bradt*, No. 09 CV 7941(VB), 2012 WL 3027780, at *5 (S.D.N.Y. July 23, 2012); *see also United States v. Reyes*, Civ. NO. 12CV555-MMA, Crim. No. 09CR2487-MMA, 2012 WL 4339070, at *6-7 (S.D.Cal. Sept. 19, 2012) (quoting *Garcia*).

The reasoning of these cases is persuasive. To qualify under the second exception set forth in *Teague*, applying to so-called "watershed rules of criminal procedure," a new rule must be of such nature that infringement would "seriously diminish the likelihood of obtaining an accurate conviction[.]" *United States v. Morris*, 429 F.3d 65, 71 (4th Cir. 2005) (quoting *Tyler v. Cain*, 533 U.S. 656, 665 (2001)). As the Supreme Court explained in *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004), "[t]his class of rules is extremely narrow, and it is unlikely that any has yet to emerge." (Internal marks omitted). A rule relating to evidence that is subject to exclusion as violative of the Fourth Amendment, such as that announced in *Jones*, is particularly unlikely to constitute a watershed rule because "[t]he exclusionary rule . . . does not improve the accuracy with which defendants are convicted or acquitted[.]" *U.S. v. Shayesteh*, 54 Fed.Appx. 916, 919 (10th Cir. 2003). Indeed, it is not addressed to the underlying guilt or innocence of the criminal defendant, but to deterrence of official misconduct.

5

*See United States v. Bryan*, 66 F.3d 317, 1995 WL 551273, at *5 (4th Cir. Sept. 18, 1995) (Table) ("the Fourth Amendment exclusionary rule . . . [is] designed to deter police misconduct rather than to ensure the reliability of the resulting determination of factual guilt or innocence").

Thus, the rule announced in *Jones* is not "retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3), and did not re-start the limitations period for purposes of Petitioner's motion to vacate. Rather, Petitioner's judgment became final when he failed to note an appeal within ten days of the entry of judgment in this case. *See* 28 U.S.C. § 2255(f)(1). Because he did not file his § 2255 petition within one year of that date, his motion is time-barred. Accordingly, the government's motion to dismiss will be granted.[2]

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

---

[2] Consequently, Petitioner's motion for discovery (ECF No. 95) will be denied as moot.

6

constitutional right." 28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Petitioner has not satisfied this standard.  Accordingly, a certificate of appealability will not issue.

    A separate order will follow.

                                                                 _____/s/_____
                                                                 DEBORAH K. CHASANOW
                                                                 United States District Judge